IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN HENRY BLACKBURN, | Case No. 2:16-cv-00570-KI |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| ANDY LONG, et al., | |
| Defendants. | |

**KING, Judge.**

Plaintiff, formerly an inmate at the Eastern Oregon Correctional Institution, brings this civil action *pro se*. Currently before the Court is Plaintiff's Amended Complaint (ECF No. 19) and Motion for Temporary and Permanent Injunction and Restraint Order (ECF No. 25). For the reasons set forth below, this Court dismisses Plaintiff's Amended Complaint and denies his motion for injunctive relief.

## **DISCUSSION**

On or about July 7, 2011, Plaintiff pled guilty to Assault in the Second Degree and was sentenced to three-years probation. *See State v. Blackburn*, No. A154913, Appellant's Br., 2015 WL 10944794, at *1 (May 29, 2015). On or about August 19, 2013, the Honorable Jonathan R. Hill

1 - ORDER OF DISMISSAL

revoked Plaintiff's probation and sentenced him to a 48-month term of incarceration. *See id.* at \*3; Am. Compl. at 14, 19. The Oregon Court of Appeals affirmed the revocation without opinion. *State v. Blackburn*, 366 P.3d 847 (Or. App. 2015).

In the instant proceeding, Plaintiff sets forth sixty-six claims for relief focusing on allegations that (1) jail officials denied him adequate medical care and access to the law library; (2) employees of ChangePoint Inc. mishandled his patient records and wrongfully denied him counseling necessary to comply with the terms of his probation; and (3) the state judge, district attorney, and his defense counsel engaged in misconduct during Plaintiff's probation revocation hearing. Although Plaintiff's claims can be categorized, his Amended Complaint nevertheless violates Federal Rule of Civil Procedure 8 because it does not set forth a short and plain statement of his claims for relief in a simple and concise manner.

Pursuant to Fed. R. Civ. P. 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(e). Although excessive length is not by itself grounds to dismiss a complaint under Rule 8 (*Hearn v. San Bernardino Police Dept*, 530 F.3d 1124, 1131 (9th Cir. 2008)), if the factual elements of a claim are scattered throughout the complaint, and not organized into a short and plain statement, dismissal for failure to satisfy Rule 8 is proper. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1986); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 640 (9th Cir. 1988); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-75 (9th Cir. 1981). The Ninth Circuit explained the problems created by prolix and confusing complaints as follows:

> Prolix, confusing complaints . . . impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must

prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. "[T]he rights of the defendants to be free from costly and harassing litigation must be considered."

*McHenry*, 84 F.3d at 1179-80 (quoting *Von Poppenheim v. Portland Boxing and Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971)).

Plaintiff does not identify the state or federal basis of the vast majority of his claims. This deficiency is compounded by the general headings given to many of his claims, such as "Deceit with Malice" (Claim Seven), "Deceit" (Claims 19-3, 26, 34), "Conspiracy Against Rights And Or Self-Concealing Conspiracy" (Claims 19-5, 24, 43), "Fraudulent and Deceitful Civil Conspiracy" (Claims 19-6, 25, 44, 64), Collusion (Claims 19-4, 30, 50), making it impossible to discern the basis of, and distinction between, the various claims. Although Rule 8 does not require a plaintiff to identify the statutory or constitutional source of a claim, he nevertheless must "give 'fair notice' of the claim and its basis." *Sagana v. Tenorio*, 384 F.3d 731, 736-37 (9th Cir. 2004).

This Court concludes that Plaintiff has failed to give Defendants fair notice of his claims because of the prolix nature of the allegations, his failure to adequately identify the basis of his claims, and the fact that Plaintiff pled separate claims for relief against each Defendant rather than organizing his claims based on the relevant transaction or occurrence. Further, many of Plaintiff's allegations are incoherent. For example:

> Then There After, 'Gillespie's' as herein described above Acknowledgement & Admission that she [ "*AFTER*"" 'Plaintiff's' Attendance To His "47th" Ex Post Facto Required Group Meeting, AND "Prior To... 'Plaintiff's' Attendance To That Final Group Meeting, Of 'Plaintiff's' Ex Post Facto Required Tx 48 Required Group Meetings], was, already receipt of "Documentation from 'Hartnett' of 'CPI', In A Electronically Provide Communication *["Unlawfully, via a 'Forged' Release Of Information"]* from 'Hartnett' of 'CPI' To 'Gillespie', A Notification To Gillespie, [But "SUSPICIOUSLY" 'WAS NOT PROVIDED TO 'PLAINTIFF'], {An Oregon

3 - ORDER OF DISMISSAL

> *Lawful Requirement}*... ["With Gillespie Then In Full Knowledge Of This Deceitful Act"],...<u>Of 'CPI's' Notice Of "INTENT" To Terminate 'Plaintiff' from Tx at 'CPI On 'Plaintiff's next, *(and otherise ex post factor required and final 48th week of Tx]*"</u> [*which she too did not notify 'Plaintiff of, — an inherent & reasonable requirement*]. After The Above Described Of Receipt of Notice Of 'Plaintiff's' Termination from Tx At 'CPI', Gillespie', after 'Plaintiff's request for a copy of same, "<u>REFUSED</u> To Provide 'Plaintiff' With A Copy of That Communication To Her From 'Hartnett' Of 'CPI'.

Am. Compl. at 10 (errors in original); *see also id.* at 47-49 (adding incoherent allegations to previously pled claims).

Accordingly, this Court dismisses Plaintiff's Amended Complaint because it violates Rule 8. Plaintiff shall file a Second Amended Complaint setting forth a short and plain statement of his claims for relief. In order to permit Defendants to frame a responsive pleading, Plaintiff shall plead all federal claims first, followed by any pendent state claims under a clearly marked subsection. Plaintiff's claims for relief shall be organized by the relevant transaction and occurrence of which Plaintiff complains, rather than by each Defendant. For example, if Plaintiff seeks to allege a § 1983 claim for the alleged denial of adequate medical treatment, he shall allege a single claim for relief against all Defendants personally involved in the violation. Plaintiff is cautioned that he must allege *facts*, rather than legal conclusions, giving rise to a reasonable inference that each named Defendant was personally involved in the violation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 arises only upon a showing of personal participation by the defendant); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (in order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated plaintiff's constitutional rights).

Plaintiff is advised that his Second Amended Complaint must not include claims (1) against Judge Jonathan Hill for judicial acts performed in his judicial capacity (*see Mireles v. Waco*, 502

4 - ORDER OF DISMISSAL

...

U.S. 9, 9-10 (1991)); (2) against District Attorney William Porter arising out of his alleged conduct during the course of Plaintiff's probation revocation proceeding (*see Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993)); (3) pursuant to § 1983 and premised on *respondeat superior* liability (*see Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691-94 (1978)); or (4) which, if he prevailed, would necessarily imply the invalidity of the revocation of his probation (*see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Finally, Plaintiff is advised that he does not have a private right of action for damages for the violation of the Health Insurance Portability and Accountability Act. *Webb v. Smart Document Sol., LLC*, 499 F.3d 1078, 1080-82 (9th Cir. 2007).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Amended Complaint (ECF No. 19) is dismissed, without prejudice, on the basis that it violates Federal Rule of Civil Procedure 8. Plaintiff may file a Second Amended Complaint, curing the deficiencies noted above, within thirty days of the date of this Order. Plaintiff shall use this Court's civil complaint form and may add additional pages as necessary using the same format. Plaintiff shall list all of the Defendants in the caption of the Second Amended Complaint and shall not use the abbreviation "et al." *See* Fed. R. Civ. P. 10(a). Plaintiff shall not incorporate by reference any of the allegations set forth in his previous two Complaints.

///

///

///

///

///

Plaintiff is advised that failure to comply with the directives of this Order shall result in the dismissal of this proceeding, with prejudice. IT IS FURTHER ORDERED that Plaintiff's motion for injunctive relief (ECF No. 25) is DENIED. The Clerk of the Court is directed to send Plaintiff a civil complaint form with this Order.

IT IS SO ORDERED.

DATED this 6 day of January, 2017.

*/s/ Garr M. King*
Garr M. King
United States District Judge